UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| TYRONE L. HUTCHERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 19-101-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Tyrone Hutcherson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hutcherson contends that he was denied due process of law when he was forced to wear leg shackles in the jury's presence during his three-day criminal trial, and that his attorney provided ineffective assistance when she did not object to the practice or move for a mistrial when the jury convicted him. [Record No. 1] The Court must review the petition before proceeding further in accordance with 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

Hutcherson was indicted in Amarillo, Texas in June 2008 on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The trial court imposed two concurrent sentences

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hutcherson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

of 240 months imprisonment after a jury found him guilty of both offenses in January 2010. The Fifth Circuit affirmed in January 2011. *United States v. Hutcherson*, No. 2: 08-CR-00044-D-1 (N.D. Tex. 2008). Hutcherson then sought to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, asserting 14 grounds for relief, but his present claim regarding wearing leg shackles during the trial was not among these claims. The trial court denied the motion in 2013. *Hutcherson v. United States*, No. 2: 11-CV-00270-J-BB (N.D. Tex. 2011).[2]

The Court will deny the petition because Hutcherson may not pursue his claims in a habeas corpus petition under § 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a motion with the trial court under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003). A federal prisoner may generally file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials that affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

A narrow exception to this rule permits a petitioner to challenge his conviction in a § 2241 petition, but only if he can demonstrate that he is "actually innocent" of committing the underlying criminal offense. He can make this showing where, after his conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Hutcherson's claims do not satisfy

---

[2] Hutcherson had previously pleaded guilty in Kansas to trafficking in methamphetamine and carrying a firearm in furtherance of that offense. *United States v. Hutcherson*, No. 5: 97-CR-40082-HLT-1 (D. Kan. 1997). A decade later he pleaded guilty to escaping from a halfway house. *United States v. Hutcherson*, No. 2: 07-CR-20131-CM-1 (D. Kan. 2007). The latter conviction was perhaps germane to the decision to keep him in restraints during trial.

*Wooten's* standard. While he contends that he was denied a fair trial and the effective assistance of counsel, these claims are not based upon new decisions of statutory interpretation, but are instead constitutional claims arising under the Fifth and Sixth Amendments. Such claims do not fall within the narrow scope of the savings clause, and must be asserted – if at all – by motion under Section 2255. See *Mans v. Young*, 36 F. App'x 766, 767-68 (6th Cir. 2002) (ineffective assistance of counsel claim may not be pursued in Section 2241 petition where defendant could have but did not assert claim in prior Section 2255 motion). The fact that Hutcherson did not assert his present claims in his first § 2255 motion does not permit him to present those arguments now in a § 2241 petition. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). And even supposing Hutcherson's claims have merit, they do not establish that he did not commit the offense for which he stands convicted and, therefore, do not fit within the scope of the savings clause. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Accordingly, it is hereby

**ORDERED** as follows:

1. Hutcherson's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: November 12, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky